**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES POSTAL SERVICE,
Plaintiff-Appellant,

v.

RUFFIN SALES AND DEVELOPMENT
COMPANY, INCORPORATED,
Defendant-Appellee.

No. 96-1932

Appeal from the United States District Court
for the District of South Carolina, at Florence.
William B. Traxler, Jr., District Judge.
(CA-95-311-4-21)

Argued: May 7, 1997

Decided: July 10, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and LEGG,
United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Susan Marie Sleater, Appellate Staff, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellant. Charles Craig Young, William Reynolds Wil-
liams, Florence, South Carolina, for Appellee. **ON BRIEF:** Frank W.
Hunger, Assistant Attorney General, J. Rene Josey, United States

Attorney, Barbara Biddle, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States Postal Service leases real property from Ruffin Sales and Development Company, Inc., on which the Postal Service operates the Surfside Beach (South Carolina) Post Office. The lease extends for ten years and gives the Postal Service options to purchase the property at the end of five years and at the end of ten years, with a partial credit towards the purchase price of rents paid during the preceding five-year period.

In December 1992, the Postal Service gave Ruffin Sales a letter expressing its intent to exercise its option to purchase the property at the end of the initial five years of the lease and establishing June 30, 1993, as the latest date on which to close the sale. It indicated shortly thereafter on various occasions that time would be of the essence and stated that June 30 was a "drop dead date." Despite the fact that both the Postal Service's local attorney and Ruffin Sales were prepared to close on June 30, the Postal Service never appeared at the closing nor did it seek to propose a new closing date.

The Postal Service later sued Ruffin Sales for specific performance, and the district court, after conducting a bench trial, denied the claim. In reaching its conclusion, the court found that the attorney for the Postal Service was prepared to proceed with the closing on June 30 and that Ruffin Sales was also ready, willing and able to close on that date. The Postal Service, however, never forwarded a check to its closing attorney. Rather, it called its closing attorney on June

2

30 to advise him, without explanation, to do no more work on the transaction. The district court found that "something was amiss at the Postal Service. What the problem was this court does not know."

On appeal, the Postal Service did not challenge the district court's factual findings nor did it adequately explain why it did not proceed to closing on June 30. Rather, it argued that as a matter of law, a party, in this case the Postal Service, could not unilaterally make time of the essence and that time had not been made of the essence in the text of the lease and option agreement. While the district court agreed that the lease and option agreement did not make time of the essence, it did find that the parties thereafter adopted such a term after the Postal Service insisted on proceeding to closing on June 30. Indeed, the Postal Service threatened to sue Ruffin Sales if it did not close by June 30.

We need not decide whether the parties amended the option contract to include a time-of-the-essence provision because we agree with the district court that the Postal Service did not prove two requirements for specific performance: (1) that the Postal Service was willing and able to close on the sale, and (2) that Ruffin Sales breached the contract. As the district court concluded:

> The Postal Service has not established a right to specific performance of the option to purchase rider. The result is that the Postal Service, absent some new agreement, must wait until the end of the lease to purchase the property.

For these reasons, we affirm the judgment of the district court.

AFFIRMED

3